By the Court, Cowen, J.
The Reeds being co-partners, had each repeatedly endorsed the name of their firm on accommodation notes, with the knowledge and assent of the other. The judge decided that the authority thence inferrible extended to the act of signing the firm name to such paper, as surety.
Had the endorsements been accompanied with a waiver of presentment and notice, they would have been the same in legal effect as making a note; and the proof of such endorsements .would have warranted the inference drawn by the judge. (Commercial Bank of Lake Erie v. Norton, 1 Hill, 501, 504.) but the admission made at the trial stops with the general word endorsements. This imports no more than conditional obligations. The act of making a note imposes an absolute one. Suppose a written power to endorse: I do not think it would warrant making or accepting, or even waiving the proper steps to charge the principal, which, in the commercial world, are justly deemed a substantial benefit to the endorser. I am oí the opinion that no broader power was inferrible from the repeated acts of endorsement.
New trial granted.